No. 21,602.

THE STATE OF KANSAS, ex rel. ROSS MCCORMICK, as County Attorney, etc., *Plaintiff*, v. J. B. FISHBACK, *Defendant*.

SYLLABUS BY THE COURT.

1. OUSTER—*Clerk of City Court—Retaining Fees and Collections—Petition States Cause of Action.* A petition which alleges facts sufficient to show that, under section 3310 of the General Statutes of 1915, it was the legal duty of the clerk of the city court of Wichita to pay into the county treasury certain costs that had been collected by him, and which alleges a willful failure to perform that duty, states a cause of action under section 7603 of the General Statutes of 1915.

2. SAME—*Misunderstanding of Statute—No Defense to Ouster Proceedings.* A misunderstanding of the operation of section 3310 of the General Statutes of 1915 and of chapter 133 of the Laws of 1917, when neither statute is complied with, is not a sufficient excuse on the part of the clerk of the city court of Wichita for his failure to pay to the county treasurer costs that should have been so paid on the first Monday of August, 1917.

3. SAME—*Former Prosecution for Similar Offense—Matters Res Judicata.* A judgment rendered in favor of an officer in an action prosecuted under section 7603 of the General Statutes of 1915 is a bar to any further prosecution under that statute as to all acts that were included in the petition at the time it was filed, but it is not a bar to a prosecution for acts which occurred after the petition was filed, which were not included therein, and which were not passed on in the action.

Original proceeding of ouster. Opinion filed December 8, 1917. Judgment for plaintiff.

*Ross McCormick,* county attorney, *Glenn Porter,* deputy county attorney, and *Thomas E. Elcock,* assistant county attorney, for the plaintiff.

*O. H. Bentley,* and *E. L. Foulke,* both of Wichita, for the defendant.

The opinion of the court was delivered by

MARSHALL, J. : This is an original proceeding in this court, brought under section 7603 of the General Statutes of 1915, to remove the defendant from the office of clerk of the city court of Wichita in Wichita City township in Sedgwick county, for failure to pay over to the county treasurer of Sedgwick county, on the first Monday in August 1917, the sum of $401.70, costs that should have been paid to the county treasurer on that day, as directed by section 3310 of the General Statutes of 1915.

1. The petition, among other things, alleges—

"That on the 6th of August, the same being the 1st Monday in the month of August, 1917, said J. B. Fishback, as Clerk of the City Court as aforesaid, had in his possession and under his control, or should have had in his possession and under his control, the sum of $401.70, the same being fees and costs collected by the said J. B. Fishback during the month of July, 1917, and prior thereto in civil and criminal cases in the office of the Clerk of the City Court as aforesaid, and that the same was not fees due witnesses or jurors in said cases; that on the said 6th day of August, the same being the 1st Monday in August, 1917, the said J. B. Fishback had willfully failed, neglected and refused to pay over to the County Treasurer of Sedgwick County, Kansas, the said sum of $401.70, fees and costs collected by said J. B. Fishback, as aforesaid.

"That said sum of money was collected by the said defendant, J. B. Fishback, during the month of July, 1917, and prior thereto, and that on the said 6th day of August, 1917, it thereupon became the duty enjoined by law on the said J. B. Fishback, to pay over such sum of $401.70, then in his hands, and held by him as aforesaid, into the county treasury of Sedgwick County, Kansas."

The defendant demurs to the petition and moves to quash it, to set it aside, and to hold it for naught on the ground that the petition does not state facts sufficient to constitute a cause of action.

Section 3310 of the General Statutes of 1915 reads:

"In all causes, civil or criminal, brought in said court [the city court of Wichita], there shall be taxed therein the same fees as are allowed by law in such cases before justices of the peace in this state, and when the same are collected they shall be paid by the clerk of said court, on the first Monday in each month, to the county treasurer of Sedgwick county, Kansas, and all such costs and fees shall be collected as is provided by law for the collection of costs in justice courts of this state, and said county treasurer shall credit the same to the county funds, and give duplicate receipts for the same, one of which shall on the same day be deposited with the county clerk by the clerk of said court, together with a detailed statement of the items of costs, the title of the case in which they were paid, and the name of the parties paying the same: *Providing*, That no fees of witnesses or jurors shall be so deposited, but shall be paid by the clerk of said court to the parties to whom they are due."

Section 7603 of the General Statutes of 1915 reads, in part, as follows:

"Every person holding any office of trust or profit, under and by virtue of any of the laws of the state of Kansas, either state, district, county, township or city office, who shall willfully misconduct himself in office, or who shall willfully neglect to perform any duty enjoined upon such officer by any of the laws of the state of Kansas, . . . shall forfeit his office and shall be ousted from such office in the manner hereinafter provided."

The petition alleges facts sufficient to show a legal duty on the part of the defendant to pay to the county treasurer the money in his hands belonging to Sedgwick county, and also alleges the willful failure of the defendant to perform that duty. The petition states a cause of action. The demurrer is overruled and the motion to quash is denied.

2. As an excuse for his failure to pay the money to the county treasurer on the 6th day of August, the defendant, in substance, alleges that because of a misunderstanding of section 3310 of the General Statutes of 1915 and of chapter 133 of the Laws of 1917, confusion arose concerning the time of making payments to the county treasurer, and, in substance, further alleges that the matters and things of which complaint is made in the petition arose out of that confusion.

Section 3310 of the General Statutes of 1915 requires that the money shall be paid to the county treasurer on the first Monday of each month. Chapter 133 of the Laws of 1917 requires that all money received shall be deposited with the county treas-

The State, *ex rel.,* v. Fishback.

urer daily, and that all disbursements shall be made by check on the county treasurer. The evidence discloses that the defendant did not comply with either of these statutes. If all money received had been deposited daily with the county treasurer, when the first Monday of the month came all the money then due the county would be in the hands of the county treasurer, and no shortage could arise. Confusion arising out of a misunderstanding of the operation of these statutes is not an excuse for failure to pay the amount that was due the county on the 6th day of August, 1917.

3. The defendant in his answer sets up, as a bar to the prosecution of this action, a judgment rendered in his favor on July 21, 1917, in an action in the district court of Sedgwick county, which action had been commenced on July 2, 1917, and in which the state of Kansas, on the relation of Ross McCormick, county attorney of Sedgwick county, sought to oust the defendant from the office of clerk of the city court of Wichita. The first petition, filed in that action on July 2, 1917, alleged that there was $4,080.65 in the hands of the defendant on June 30, 1917, and that the defendant failed to pay that amount to the county treasurer of Sedgwick county as directed by law. The defendant filed a motion to quash that petition, and the plaintiff, on July 13, 1917, filed an amended petition, and, on July 20, 1917, filed another amended petition. In the last amended petition the plaintiff alleged that on June 30, 1917, there was $4,080.65 in the defendant's hands which had been received and collected from various sources prior to June 30, 1916, and which he failed to pay into the county treasury. The court sustained a motion to quash that amended petition. The plaintiff stood on the petition, and judgment was rendered in favor of the defendant for costs.

The evidence taken by a commissioner appointed by this court shows the following facts:

On the first Monday in August, 1917, $650.85 was due from the defendant to the county, for costs that had been paid in cases that had been closed before that day. Nothing was then paid by the defendant to the county treasurer. On August 8, 1917, J. H. McPherson, county auditor of Sedgwick county, presented a bill to the defendant for the amount then due the county and asked the defendant for immediate payment. Noth-

ing was paid until August 15, when $249.15 was paid. In September, $900.88 additional was paid. Those amounts covered all that was due the county at the time the last payment was made. After the judgment was rendered in the district court, a large number of persons, witnesses and jurors, who had fees in the hands of the defendant, demanded and received payment of the amounts due them. On August 6, 1917, the defendant did not have in his hands enough money to pay the amount then due the county and to pay those to whom fees were due. He obtained from outside sources a part of the money necessary to pay these amounts. The defendant had, to some extent, commingled the funds in his hands as clerk of the city court with his individual money.

There is nothing in the evidence to show that the defendant intended to embezzle any of the money in his hands, but the only conclusion that can be drawn from the evidence is that he did not have sufficient money to pay what was due to the county treasurer and to individuals. Agents, trustees, receivers, guardians, executors and administrators, and public officers must keep the trust money and property in their hands separate and apart from their individual money and property, or abide the consequences.

The judgment in the district court of Sedgwick county is a bar to all matters that were included in the petition in that action, but nothing that occurred after June 30, 1917, was included in that petition or passed on in that action; therefore, that judgment is not a bar to anything that occurred after June 30, 1917.

In the city court, in cases that were closed between June 30 and August 1, 1917, the defendant had received more than $100 that he should have paid into the county treasury on the 6th day of August. In cases that were closed between July 21, 1917, the day the judgment was rendered in the district court, and August 1, 1917, the defendant had received more than $45 that should have been paid into the county treasury on the 6th day of August. These amounts were included in the $401.70, which is made the basis of this action, and which the defendant admits was due on the 6th day of August. These several amounts were included in the demand made on the defendant by the county auditor. The defendant's failure to

The State, *ex rel.*, v. Fishback.

make payment on the 6th day of August was not caused by any mistake or confusion brought about by a misunderstanding of the law. From the evidence, the conclusion must be drawn that the failure to make payment was intentional, made so by the fact that the defendant did not have the money with which to make payment, but, whether he had the money or not, payment was enjoined on him by law, and his failure to make that payment subjects him to this proceeding.

When the defendant at the time fixed by law failed to pay the amounts that had been received by him, he was guilty of willful neglect to perform the duty enjoined on him by section 3310 of the General Statutes of 1915.

Under the law, the conclusion is inevitable that the defendant must be removed from the office of clerk of the city court of Wichita City township in Sedgwick county, and it is so ordered.